Stepovich & Vacura Law Office, LLC
543 2nd Avenue, Suite A
Fairbanks, Alaska 99701
(907) 456-6600 (ph.)
(907) 452-5205 (fax)
Email: stepo@alaska.net

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| LYDIA AGNASAGGA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) Case No. _____ |

## **COMPLAINT**

Plaintiff, Lydia Agnasagga, by and through her undersigned attorney and for her

complaint against the defendant complains and alleges:

1.      Plaintiff Lydia Agnasagga is an Alaska Native who was receiving medical

care from the Samuel Simmonds Memorial Hospital in Barrow, Alaska.  At all times

relevant to this complaint Lydia was a resident of the State of Alaska.

2.      Alaska Native Tribal Health Consortium d/b/a Samuel Simmonds

Memorial Hospital is a consortium of Alaska Tribal health organizations organized

pursuant to §325 of Pub. L. 105-83 and they operated Samuel Simmonds Memorial

Hospital (hereinafter SSMH), at the time of the incidents described herein.  SSMH

carries out federal health care programs for Alaska Natives and American Indians,

STEPOVICH
&
VACURA
LAW OFFICE
———
543 Second Avenue
Suite A
Fairbanks, Alaska
99701
Tel: (907) 452-6600
Fax: (907) 452-5205

authorized by the Indian Health Care Improvement Act, 25 U.S.C. §161-Sec. 161a,
§121 of Pub. L. 94-437, as amended and Title V of the Indian Self-Determination and
Education Assistance Act, 25 U.S.C. §450 et seq., Pub. L. 93-638 as amended.

3.     The United States of America, Department of Health and Human Services
administers or oversees the programs and services of SSMH.

4.     Lydia Agnasagga filed an Administrative Tort Claim under the Federal Tort
Claims Act and the administrative claim was denied on April 9, 2012.  This being a claim
against the United States, which alleges injury as a result of medical malpractice and
negligence, this court has jurisdiction of this action under the Federal Tort Claims Act.
28 U.S.C. §2671 et seq.

5.     The United States through SSMH was responsible for providing medical
treatment to Lydia Agnasagga on May 5, 2009.  SSMH failed to provide the appropriate
standard of care when conducting a routine colonoscopy causing Lydia to suffer serious
physical injury and emotional distress.

6.     Ms. Agnasagga traveled to Barrow, Alaska, in May of 2009, to have a
colonoscopy performed by general surgeon, Regina Chennault, M.D.  This routine
diagnostic and preventative procedure resulted in a "very large, greater than 60% tear in
the antimesenteric wall of the sigmoid colon".

7.     Within hours of the procedure, Ms. Agnasagga's stomach was distended
and she was in excruciating and "significant diffuse abdominal pain" which she rated as
10 on a scale of 1-10.  She returned to the Barrow emergency room and following a
"KUB x-ray" was found to have a large volume of free air under her diaphragm, which
indicated a colon perforation.  This acute traumatic perforation resulted in an emergency

STEPOVICH
&
VACURA
LAW OFFICE
———
543 Second Avenue
Suite A
Fairbanks, Alaska
99701
Tel: (907) 452-6600
Fax: (907) 452-5205

medevac flight to the Alaska Native Medical Center (hereinafter ANMC) in Anchorage, Alaska, some 800 miles away.

8.      In Anchorage, an exploratory laparotomy was performed which confirmed the torn colon.  Ms. Agnasagga underwent emergency surgery by surgeons Nathaniel Eastman, M.D. and Vikram Deka, M.D., who performed the "Hartmann procedure with end colostomy".  This surgical procedure consists of removing the lower part of the colon from the rectum, the bowel is divided and the top end is brought out on to the abdomen as a colostomy.  Ms. Agnasagga was then given a bag that was attached to her abdomen for necessary bodily functions.

9.      On post-op day one, Ms. Agnasagga was found to have a compromised blood supply to her stoma.  Therefore, a second operation was required to remove necrotic tissue from her colon and once again they had to elevate a portion of her bowel outside of her body and bring it through the colostomy opening.  Once a sufficient length of viable bowel was brought up through the opening, a second stoma, with good blood flow, was created.

10.     Ms. Agnasagga was eventually discharged from the Alaska Native Medical Center some two weeks later.  However, this was just the start of her medical nightmare.  She would subsequently visit the emergency room at the ANMC at least five more times.  Upon returning home to Wainwright, she was in the clinic at least 15 different times relating to the colostomy and its attendant complications, and had to be flown by plane to Barrow to visit the emergency room at Samuel Simmons Memorial Hospital another 8 times.  Ms. Agnasagga suffered with a colostomy bag and its many complications for approximately a year before it was finally reversed on February 22,

STEPOVICH
&
VACURA
LAW OFFICE
———
543 Second Avenue
Suite A
Fairbanks, Alaska
99701
Tel: (907) 452-6600
Fax: (907) 452-5205

2010.  The physical pain, suffering, and loss of enjoyment of life that Lydia Agnasagga and her husband endured is unimaginable.   This large, greater than 60% tear in the antimesenteric wall of her sigmoid colon was a direct and proximate result of the breach of the standard of care normally exercised in performing a colonoscopy.

### COUNT I

11.     All preceding paragraphs of this complaint are incorporated into this first cause of action and plaintiff further complains and alleges:

12.     When Lydia Agnasagga presented to SSMH for medical treatment, defendant failed to exercise the degree of skill and care normally exercised by medical professionals.

13.     As a direct and proximate result of defendant's failure to exercise the degree of skill and care normally exercised by competent medical personnel Lydia Agnasagga suffered injuries that would otherwise not have occurred, which injuries have caused permanent effects.  SSMH caused Lydia to suffer emotional distress, pain and suffering for which she is entitled to damages.  The amount of damages claimed in the administrative tort claim was One Million Dollars.

WHEREFORE, plaintiff prays for the following relief:

1.     An award of damages including an amount for past and future medical expenses, pain and suffering, and emotional distress.

2.     Loss of earning capacity.

3.     Loss of enjoyment of life.

4.     Permanent injury and disfigurement.

STEPOVICH
&
VACURA
LAW OFFICE
543 Second Avenue
Suite A
Fairbanks, Alaska
99701
Tel: (907) 452-6600
Fax: (907) 452-5205

5.    An award of attorney fees and costs incurred in the prosecution of this matter.

6.    Such other relief, whether legal or equitable, and whether similar or different than the relief specifically prayed for herein, and to which plaintiff is otherwise entitled.

DATED at Fairbanks, Alaska, this 27th day of April, 2012.

**STEPOVICH & VACURA LAW OFFICE**

By:_____/S/_____
 **ALLEN VACURA / ABA #9506033**

**STEPOVICH**
**&**
**VACURA**
**LAW OFFICE**
────────
543 Second Avenue
Suite A
Fairbanks, Alaska
99701
Tel: (907) 452-6600
Fax: (907) 452-5205